UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
JOSE CAPITA,
           Petitioner,

-against-

           **MEMORANDUM & ORDER**
           04 CV 4327

WILLIAM MAZZUCA, Superintendent,
Fishkill Correctional Facility,
           Respondent.
-------------------------------------------------------X
DEARIE, Chief Judge.

    Pro se petitioner Jose Capita seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth in respondent's opposition and below, petitioner's application is denied, and the petition is dismissed.

## Background

    Petitioner, using the name Hans Gruber, posed as a financial consultant and conned several individuals into turning over their future mortgage payments to him in exchange for his supposed assistance in preventing foreclosure on their houses. Petitioner told his victims that he placed their payments in escrow accounts, but he, in fact, deposited the money in the regular bank accounts of Financial Recovery Services, the business entity through which he operated. Petitioner withdrew the money, and instead of paying it over to the lenders, spent it.

    On April 4, 2000, following the arrest of petitioner's co-defendant Melvin Prince, a search warrant was executed at 179-02 130th Avenue, Jamaica, New York, a residential apartment set up as an office. Numerous documents were seized, including petitioner's passport in the name of Jose Capito[1], invoices to Hans Gruber of Financial Recovery, stationary of Financial Recovery, a tax return and escrow agreements signed by one of the victims, and

---

[1] Petitioner's name is sometimes spelled Capito and sometimes spelled Capita in the record.

checkbooks for Financial Recovery accounts.

Several months later, on June 22, 2000, petitioner and one of his victims were scheduled to meet in the lobby of the victim's workplace. Detectives accompanied the victim, and she identified petitioner from across the street. One of the detectives approached petitioner and asked whether he was Hans Gruber. Petitioner responded, "Yes." (Tr. 165.) The detective announced, "Police. You are under arrest." (Tr. 163, 171) Petitioner attempted to flee, and a struggle ensued. When he was processed after his arrest, petitioner said that his name was Jose Capito and that he had no permanent address in New York.

Petitioner's and co-defendant's indictments were consolidated, and pre-trial suppression hearings were held. The search warrant affidavit was unsealed and provided to defense counsel on the first day of hearings. At the conclusion of the hearings, the court determined that because there was no record evidence establishing probable cause to arrest petitioner, the physical evidence seized from him at the time of his arrest was inadmissible. However, petitioner's pre-arrest confirmation that his name was Hans Gruber was not suppressed.

Co-defendant Prince pled guilty immediately prior to trial. Petitioner proceeded to trial before a jury. Three victims testified against him: Christine Hunter, Claudia Carr, and Petra Maria Santiago. Hunter gave petitioner seven checks totaling $12,800; Carr gave petitioner six checks totaling $11,500; and Santiago gave petitioner one check for $4,000. None of the money was returned to the victims, and none of it was paid to the victims' respective mortgage companies. Hunter and Carr ultimately hired attorneys to represent them in bankruptcy and foreclosure proceedings. The lender foreclosed on Santiago's home on October 12, 2000. At trial, the court rejected petitioner's contention that the search warrant was defective for failing to

name or describe him because the warrant pertained to the premises to be searched and not to any particular owner or occupant. (Tr. 140-41.) The relevant evidence seized pursuant to it was admitted at trial.

On November 9, 2000, petitioner was convicted of three counts of third-degree grand larceny. On December 4, 2000, he was sentenced to consecutive sentences of two and one-third to seven years on each of the counts.

On May 16, 2001, petitioner filed a pro se motion to vacate the judgment of conviction pursuant to New York Criminal Procedure Law § 440, arguing in essence that the search warrant was defective and the evidence seized should not have been admitted, that his trial counsel was ineffective for failing to challenge the search warrant and admission of the evidence, that the inventory return on the search warrant constituted new evidence, that he was denied his right to testify before the grand jury, that the court erred in failing to respond to certain applications, and that the imposition of consecutive terms of imprisonment was illegal. On November 19, 2001, the court denied the motion on the ground that petitioner's claims were procedurally barred because sufficient facts appeared on the record to raise the issues on appeal. In the alternative, the court found that the claims were meritless. Specifically, the court determined that rulings were made on the record on petitioner's motions, petitioner failed to file notice of his request to testify before the grand jury, pre-trial hearings were in fact conducted, the search warrant was reviewed and the seizure pursuant to it was found to be proper, counsel was not ineffective for failing to make discovery motions because the parties agreed to open discovery, the search warrant was not defective for failing to contain petitioner's name, the inventory return on the search warrant was not new evidence, and petitioner's consecutive sentences were legally

imposed.

On August 2, 2002, petitioner filed an appeal. He argued that the trial court's instructions defining larceny deprived him of a fair trial, that the prosecutor's summation and voire dire were improper, and that the sentence was excessive. On June 2, 2003, the Appellate Division affirmed, rejecting petitioner's contention that his sentence was excessive on the merits and finding petitioner's other claims unpreserved for appellate review. People v. Capita, 760 N.Y.S.2d 346 (App. Div. 2003). The Court of Appeals denied leave to appeal on July 31, 2003. People v. Capita, 100 N.Y.2d 579 (2003).

By papers dated September 14, 2004, petitioner seeks a writ of habeas corpus on the same grounds he raised on direct appeal. Respondent opposes, arguing that petitioner's erroneous jury charge and prosecutorial misconduct claims are procedurally barred, that none of petitioner's claims are cognizable on habeas review, and that all of petitioner's claims are meritless. In reply, by papers dated April 28, 2005, petitioner raises additional claims for the first time before this Court. Although petitioner's papers are difficult to understand, his claims appear to be largely the same as those he raised pro se in his § 440 motion to vacate regarding the propriety of the search warrant and the effectiveness of counsel.

## Discussion

I. Additional Claims

Petitioner's conviction became final upon the expiration of the 90-day period for seeking a writ of certiorari from the July 31, 2003 decision denying petitioner leave to appeal. See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the statute of limitations for filing a habeas petition

4

expired one year later. See 28 U.S.C. § 2244(d)(1)(A). Petitioner raised his additional claims in reply six months after the expiration of the statute of limitations. The Court treats petitioner's reply as a motion to amend his petition to include the additional claims raised therein.

An amendment to a habeas petition filed after the expiration of the statute of limitations is barred unless it "relates back" to the original petition under Rule 15(c) of the Federal Rules of Civil Procedure. Mayle v. Felix, 545 U.S. 644, 655 (2005); Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 816 (2d Cir. 2000); Ching v. United States, 298 F.3d 174, 181 (2d Cir. 2002). As articulated in Felix, "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Felix, 545 U.S. at 650. The claims petitioner raises in his reply—primarily relating to the search warrant—do not relate back to the jury instruction, prosecutorial misconduct, or sentencing claims raised in the original petition and on appeal. See id. at 664 n.7 (examples of when a claim relates back); see also Fama, 235 F.3d at 815 ("In determining whether the claim arises out of the same conduct or occurrence, '[t]he pertinent inquiry . . . is whether the original complaint gave the defendant fair notice of the newly alleged claims.'" (quoting Wilson v. Fairchild Republic Co., 143 F.3d 733, 738 (2d Cir. 1998))). Furthermore, for the reasons stated in the November 19, 2001 decision denying petitioner's § 440 motion to vacate, the claims are meritless. Accordingly, petitioner's motion to amend is denied.

Even if this Court were to permit petitioner to include the additional claims, relief on the claims could not be granted. They are unexhausted and procedurally defaulted because petitioner failed to raise them on appeal without cause. Coleman v. Thompson, 501 U.S. 722, 735 n.1

5

(1991); Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001); Bossett v. Walker, 41 F.3d 825, 828-29 ( 2d Cir. 1994). Moreover, habeas review of petitioner's claims relating to the search warrant is barred by Stone v. Powell, 428 U.S. 465 (1976). Under Stone, "where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require . . . federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." Id. at 482. Habeas review of Fourth Amendment claims will be "undertaken in only one of two instances: (a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992). The record makes clear that petitioner had a full and fair opportunity to litigate the claims prior to trial.

## II. Jury Instructions and Prosecutor's Comments

Petitioner's claims with respect to the trial court's instructions on the elements of larceny and with respect to the prosecutor's improper remarks in summation and during voir dire were rejected by the Appellate Division as unpreserved for appellate review. Petitioner failed to object to the trial court's instruction during trial. (See Tr. 378, 443.) He also failed to object to the prosecutor's summation and voir dire remarks. Claims rejected on independent and adequate state procedural grounds cannot be reviewed by this Court absent a showing of cause for the default and prejudice therefrom, or that a fundamental miscarriage of justice will result. Coleman, 501 U.S. at 750. Petitioner has not offered any cause for the default, nor has he made a

showing that a fundamental miscarriage of justice will result.

In any case, petitioner's claims are meritless. A challenged jury instruction must be "not merely . . . undesirable, erroneous, or even 'universally condemned,'" but it must also violate a right established by the Fourteenth Amendment to provide a basis for habeas corpus relief. Cupp v. Naughten, 414 U.S. 141, 146 (1973). An instruction, even if faulty, must "so infect[] the entire trial that the resulting conviction violates due process." Davis v. Strack, 270 F.3d 111, 123 (2d Cir. 2001) (quoting Cupp, 414 U.S. at 147). With respect to larceny, the court directed the jurors to apply the following to every count:

> A person steals property and commits larceny when, with the intent to deprive another person of property, or to appropriate the property to himself or to a third person, such person wrongfully takes property from the owner of the property, or obtains such property by trickery or false pretenses.

(Tr. 428.) The court further instructed the jurors that a person wrongfully takes property "when that person takes or retains such property without an owner's consent." (Tr. 429.) Petitioner contends that this definition was inappropriate because the victims voluntarily gave their money to petitioner. Petitioner also argues that it was improper for the court not to instruct the jurors on the definition of trickery or false pretenses. The instructions were not so faulty as to deprive petitioner of due process.

Petitioner's claims regarding the prosecutor's remarks also fail. "It is a 'rare case' in which improper comments . . . are so prejudicial that a new trial is required." United States v. Rodriguez, 968 F.2d 130, 142 (2d Cir. 1992); see also Floyd v. Meachum, 907 F.2d 347, 348 (2d Cir. 1990) (rare case where improper summation comments so numerous and, taken together, so prejudicial that habeas relief warranted). Comments by a prosecutor, even if "undesirable" or

"universally condemned," do not amount to constitutional error unless they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). Specifically, petitioner objects to the prosecutor's various descriptions of the victims as: "clinging to a life raft" (Voire Dire 76); "three women . . . connected by the bond of a mortgage foreclosure" (Tr. 393); "three vulnerable women in dire straits" (Tr. 393); "frightened vulnerable women" (Tr. 398); and "a working mother of two children," "another working mother of two children," and "a mother of four" (Tr. 399, 404, 406). He also objects to the prosecutor's statement to the jury that the victims were "homeowners like yourself." (Tr. 413.) In addition, he contends that the prosecutor improperly suggested that the jurors should infer that petitioner was engaged in a sham operation from the unprofessional state of his office. As detailed more fully in respondent's brief, the prosecutor's remarks were either responsive or fair comment.

III. Excessive Sentence

Petitioner contends that the imposition of consecutive terms of imprisonment was excessive, particularly in light of the amount of money involved, his limited criminal history, and the sentence imposed upon his co-defendant. Because petitioner's sentence was within the limits set by statute, habeas relief cannot be granted. "No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992). Further, the state court was permitted to order that the petitioner serve the terms of imprisonment consecutively. See N.Y. Penal Law § 70.25 ("[W]hen multiple sentences of imprisonment are imposed on a person at the same time [for separate offenses] . . .

the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other . . . in such manner as the court directs at the time of sentence."). Moreover, petitioner's contention that his sentence was disproportionate to his co-defendant's is not a cognizable ground for relief. "[A] defendant has no constitutional or otherwise fundamental interest in whether a sentence reflects his or her relative culpability with respect to his or her co-defendants." U.S. v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995). The Appellate Division decision rejecting petitioner's claim was neither contrary to, nor an unreasonable application of, clearly established federal law. Accordingly, habeas relief is not warranted. See 28 U.S.C. § 2254(d)(1) (A writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . .").

## Conclusion

For the reasons stated above, the application for a writ of habeas corpus is denied, and the petition is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue. In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of the Court is

directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
June 5, 2007

S/Raymond J. Dearie, USDJ

RAYMOND J. DEARIE
United States District Judge